

# Fourth Court of Appeals
## San Antonio, Texas

September 23, 2022

No. 04-22-00392-CV

Douglas **CROUSE** and April Marble,
Appellants

v.

**KENTON PLACE APARTMENTS**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2022CV01554
Honorable J Frank Davis, Judge Presiding

# O R D E R

This is an appeal in a forcible detainer case. Appellant appealed the trial court's judgment, which awarded possession of the real property to appellee. Included in the clerk's record on appeal is the trial court's judgment and a writ of possession. The record includes a sheriff's return, indicating the writ of possession has been executed and possession delivered to appellee. The record does not show that appellant filed a supersedeas bond to suspend the judgment.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). "When a tenant is no longer in possession of the property and has not superseded the judgment of possession, her appeal is moot unless: (1) she timely and clearly expressed an intent to exercise the right of appeal, and (2) appellate relief is not futile." *Stewart v. Fiesta City Realtors*, No. 04-17-00839-CV, 2018 WL 4760151, at *1 (Tex. App.—San Antonio Oct. 3, 2018, no pet.) (mem. op.). "Appellate relief is not futile if the tenant holds and asserts 'a potentially meritorious claim of right to *current, actual possession*' of the property." *Id.* (emphasis in original) (quoting *Marshall*, 198 S.W.3d at 787). Issues independent of possession may be reviewable, even if the issue of possession is moot. *See Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.).

Here, it appears appellant no longer has possession of the real property and it is not apparent from the record whether appellant holds and asserts a potentially meritorious claim of

right to current, actual possession of the property, or whether there are reviewable issues independent of possession.

Accordingly, we ORDER appellant to show cause in writing, on or before **October 24, 2022**, why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f), 44.3. If appellant does not respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). All other appellate deadlines are suspended pending further order of this court.

It is so **ORDERED** September 23, 2022.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT